T. C. FOX & SONS, INC., PLAINTIFF-RESPONDENT, v. IDA
LAMPERT, INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF ALTER LAMPERT, DEFENDANT-
APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 22, 1951—Decided February 13, 1951.

Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.

*Mr. Carl Kisselman* argued the cause for defendant-appellant (*Mr. Harry Adler,* attorney).

*Mr. Lynwood Lord* argued the cause for plaintiff-respondent.

The opinion of the court was delivered by

McGEEHAN, S. J. A. D.   The plaintiff, a. feed merchant, sued the defendant Ida Lampert, individually and as executrix of the estate of Alter Lampert, on a book account of $4,266.72 for goods sold and delivered by plaintiff to defendant between January 1, 1947, and February 9, 1948, and demanded judgment against Ida Lampert, individually and as executrix.   After trial before the court, sitting without a jury, judgment was entered in the Law Division of the Superior Court in favor of the plaintiff and against the defendant Ida Lampert, executrix of the estate of Alter Lampert, in the sum of $1,778.37 and against the defendant Ida

Lampert, individually, in the sum of $2,488.35 with costs. The defendant Ida Lampert appeals from the final judgment of $2,488.35 entered against her individually.

On this appeal the sole question is whether Ida Lampert, individually, is liable for the value of the feed, amounting to $2,488.35, delivered to her during the two months following the date of death of her husband.

Alter Lampert, a chicken farmer, purchased goods from the plaintiff on a book account in his name from January, 1947, until his death on December 4, 1947. At the time of his death he owed the plaintiff approximately $5,778.37 on this book account. After the death of decedent, the book account was continued for approximately two months in the name of "A. Lampert Estate" and additional net charges of approximately $2,488.35 were made to the book account for feed delivered to Ida Lampert, wife of Alter Lampert and the executrix of his estate. When the book account was closed on February 9, 1948, the total balance due was $4,266.72.

The testimony was that at the time of Alter Lampert's death he had on his chicken farm a number of chickens, estimated at 7,500, which were four to five weeks old. Chickens must be at least 10 to 12 weeks old in order to be salable. About two days after Alter's Lampert's death Alfred C. Fox, a member of plaintiff's firm, accompanied by plaintiff's field man, Mr. Beck, went to the Lampert farm and talked to Ida Lampert "about the chickens that were there and what we were going to do with them." In the discussions which ensued, Ida Lampert agreed that she and her son Jack would continue to take care of the chickens and would raise them on the farm until salable, if the plaintiff furnished the necessary feed. The plaintiff refused to furnish the feed for the chickens unless Ida Lampert and her son Jack signed a note for $4,000. The $4,000 figure was arrived at by computing the maximum cost of the additional feed which the plaintiff would have to supply until the chickens reached a salable age. Ida Lampert and her son Jack signed a note for $4,000, payable in 60 days, and the plaintiff furnished $2,488.35 worth of feed until the chickens were sold. The agreement was that the note would

be paid off from the proceeds of the sale of the chickens. When the chickens were eventually sold, the proceeds amounted to $4,286.70 and from the proceeds the note of $4,000 was paid and the balance of $286.70 was used to defray funeral expenses of the decedent. The plaintiff in crediting the $4,000 payment on the note signed by Ida Lampert and her son Jack applied the payment to a reduction of the $5,778.37 owed by Alter Lampert on the book account at the time of his death.

The court below apparently found that the debt of $2,488.35 for feed delivered to Ida Lampert after the death of her husband was a debt contracted by her in the continuation of the business of her husband, that it was unpaid, and that she was personally liable therefor. *Cf. Doolittle v. Willet,* 57 *N. J. L.* 398 (*E. & A.* 1894).

█ The general rule is that an executor or administrator who continues the business of the decedent renders himself liable for all debts contracted in so doing. 6 *Clapp, Wills and Administration,* § 541 (1950), and cases cited. But this general rule is subject to the right of contract and the parties may, by their contract, change this general rule as to liability. Here, the parties specifically contracted as to the liability to be incurred. The plaintiff refused to deliver on credit the feed necessary to continue the business of the decedent; before it would deliver the feed, it required the defendant, individually, and her son to sign a note for $4,000. Plaintiff's witness, Alfred C. Fox, testified that this note was demanded and accepted "for furnishing feed in the future." The parties agreed that the note was to be paid from the proceeds of the sale of the chickens. It was clearly intended that payments on the note were to be applied first to the cost of the feed delivered after the death of the decedent and, if a surplus remained, then to the book account of the decedent. The plaintiff, by this arrangement, had the benefit of labor performed by the defendant and her son without expense to it; received payment in full for all deliveries made after Alter Lampert's death; and, in addition, received a payment amounting to $1,582.82 in reduction of the $5,778.37 owed by decedent at the time of his death. If the plaintiff had

given proper credit, there would be no debt owing for any deliveries made after Alter Lampert's death.

 We conclude that there was no debt owing to plaintiff contracted by the defendant Ida Lampert, either individually or as executrix, in the continuation of the business of her husband, which was unpaid.

Since it is conceded by the defendant Ida Lampert, as executrix of the estate of Alter Lampert, that the balance due on the book account is a debt of the estate of Alter Lampert, the judgment of the court below is reversed and the cause is returned to the Law Division for entry of judgment in favor of defendant Ida Lampert, individually, and against the plaintiff, and in favor of the plaintiff and against the defendant Ida Lampert, executrix of the estate of Alter Lampert, for $4,266.72 and costs.